SHAPIRO et al. v. KLAR et al.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

VENUE (§ 52*)—CHANGE OF PLACE OF TRIAL—GROUNDS—CONVENIENCE OF WITNESSES.

Where a cause of action arose wholly in New York county and all of the witnesses resided either there or in Kings county, except possibly one of the plaintiffs, the place of trial should have been changed on motion from Schenectady county to either New York or Kings county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, Schenectady County.

Action by Adolph Shapiro and another against Samuel Klar and another. From an order denying defendants' motion to change the place of trial, they appeal. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Morrison & Schiff (Jacob R. Schiff, of counsel), for appellants.
Benjamin Terk, for respondents.

SMITH, P. J. At the time this cause of action arose the plaintiffs' were residents of New York county, the defendants of Kings county. The cause of action is for goods sold in New York county to one Tobias Schwartz, who as contractor was repairing premises belonging to the defendants in New York county. It is alleged that by reason of differences between the plaintiffs and said Schwartz the plaintiffs refused to deliver the goods necessary to complete the said repairs until the defendants promised and agreed to pay for such material. Upon this promise the action is based. The answer of the defendants contains a general denial, a plea of payment, and the plea of the statute of frauds. At the Special Term the motion was determined upon the defendants' affidavits only. From those it appears not only that the cause of action arose wholly in New York county, but that all the witnesses reside either in New York county or Kings, except possibly one of the plaintiffs, who now resides and has resided for a short time in Schenectady county. Under these circumstances, we think the place of trial should have been changed either to New York or Kings county.

This order was made upon an order to show cause, served upon the defendants upon the 8th day of September, and returnable at a Special Term upon the 11th day of September, 1909. The plaintiffs asked further time to enable them to present affidavits, but the motion was decided in their favor without their affidavits. This order should be reversed, with $10 costs and disbursements, and the motion remitted to Special Term, where the plaintiffs can have opportunity to present counter affidavits if they should be so advised.

Order reversed, with $10 costs and disbursements, and motion remitted to Special Term, as per opinion. All concur.